UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONTA JENKINS,

    Plaintiff,

  v.                                      Case No. 18-C-1874

WISCONSIN DEPARTMENT OF CORRECTIONS,
CATHY JESS,
JAMES GREER,
KEVIN KALLAS, MD,
BRIAN FOSTER,
ANTHONY MELI,
SUPERVISOR ASHFORD,
DR. VANBUREEN,
DR. GRUBER,
DR. ENGSTROM,
DR. CDL,
NURSE KAYCON,
NURSE JENSEN,
LT. SANCHEEZ,
LT. NELSON,
CAPTAIN THEANDET,
CO POHL,
CO BLEILER,
CO KOBZA,
CO BIRDYSHAW,
CO DDERTON,
JOHN DOE #1,
JOHN DOE #2,
SGT. FISHER,
SGT. SKEESTRA,
K EMMERS,
WCI PSYCHIATRIST,
CO LEVEY, and
CAPTAIN WESTRA,

    Defendants.

**ORDER**

Plaintiff Donta Jenkins, who is currently serving a state prison sentence at Waupun Correction Institution, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Jenkins' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

## MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Jenkins has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Jenkins has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed an initial partial filing fee of $20.26. Because Jenkins lacks the funds to pay the initial partial filing fee, the court waives the partial filing fee and grants Jenkins' motion for leave to proceed without prepayment of the filing fee. 28 U.S.C. § 1915(b)(4). This waiver does not eliminate Jenkins' obligation to pay the full filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2). *See* 28 U.S.C. § 1915(b)(1).

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim

is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Jenkins alleges that multiple defendants were deliberately indifferent to his mental health needs, which led him to commit self-harm by biting his own arm. He claims that, after this arm-biting incident, several defendants continued to ignore his mental health needs. About a month after the arm-biting incident, Jenkins got into a fight with his cellmate, which Jenkins claims occurred because several defendants ignored his mental health needs and because his cellmate was mentally abusive. Soon after the fight, and for a second time, Jenkins bit his own arm due to the alleged deliberate indifference of several defendants. While being transported after receiving treatment for his arm, Jenkins alleges that several defendants used excessive force against him by choking and dragging him while he was handcuffed. Jenkins further complains of excessive force and deliberate indifference because a defendant tightly restrained him to a chair while other defendants ignored his complaints of pain. He alleges that he was forced to sit in his own urine and feces while restrained to a chair

3

and that he was inappropriately touched when stripped searched. Lastly, Jenkins alleges that he was denied due process when he was barred from attending a hearing regarding a conduct report filed against him.

It appears that Jenkins, whose complaint is divided into five sections and names twenty-nine defendants, attempts to bring several unrelated claims in a single case. Jenkins seems to raise issues of deliberate indifference, excessive force, and due process, but his complaint does not make clear, in each claim, who did what, when, and what happened as a result, and how, if at all, each claim is related. Where multiple claims are asserted, a complaint must list each claim separately and set forth thereunder, in numbered paragraphs, allegations of fact necessary to provide notice to each defendant of what he or she did to, or did not do for, the plaintiff, including any injuries that resulted, that potentially give rise to personal liability on the part of the defendants such that they must respond to a federal lawsuit. *See George v. Smith*, 507 F.3d at 605, 608 (7th Cir. 2007).

As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Rule 18(a) of the Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *Id.* at 607. Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Moreover, the court in *George* reminded district courts that Rule 20 of the Federal Rules of Civil Procedure applies as much to prisoner cases as it does to any other case. *Id.* Under Rule

20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

The court finds that the complaint violates Rules 18 and 20 insofar as it appears to advance unrelated claims against separate sets of defendants in a single complaint. The *George* court instructed that such "buckshot complaints" should be "rejected." 507 F.3d at 607. Therefore, the court will strike the original complaint submitted on November 28, 2018. If Jenkins wishes to proceed, he must file an amended complaint that cures the deficiencies of the original complaint as described herein. An amended complaint must be filed on or before **January 10, 2019**. Failure to file an amended complaint within this time period may result in dismissal of this action.

Jenkins is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that, in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the court will screen it in accordance with 28 U.S.C. § 1915A.

Further, Jenkins is advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991

5

(7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* Thus, with respect to any claim or claims advanced in his amended complaint, Jenkins must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

**IT IS THEREFORE ORDERED** that Jenkins' motion for leave to proceed without prepaying the full filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint submitted on November 28, 2018 is **STRICKEN**.

**IT IS FURTHER ORDERED** that Jenkins is directed to file an amended complaint on or before **January 10, 2019** that cures the defects in the original complaint as described herein. If Jenkins does not file an amended complaint that complies with the requirements of Rules 18 and 20 of the Federal Rules of Civil Procedure by January 10, 2019, this action will be dismissed for failure to prosecute.

**IT IS FURTHER ORDERED** that the agency having custody of Jenkins shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to Jenkins' trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Jenkins is transferred to another institution, the transferring institution shall forward a copy of this Order along with Jenkins' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this Order be sent to the officer in charge of the agency where Jenkins is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Jenkins shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If Jenkins is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Jenkins is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this   11th   day of December, 2018.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court