UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONTA JENKINS,

        Plaintiff,

     v.                        Case No. 18-C-1874

ANDREW POHL,

        Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Donta Jenkins, who was serving a prison sentence at Waupun Correctional Institution at the time of filing but has since been released, filed a *pro se* action pursuant to 42 U.S.C. § 1983 alleging Defendants Jennifer Kacyon, Mark Jensen, Nicholas Sanchez, Thomas Nelson, Craig Theander, Andrew Pohl, Jonathon Kobza, John Birdyshaw, Jamie Engstrom, and Joshua Adderton violated his constitutional rights in different ways, during actions arising from an initial incidence of self-harm by Jenkins. On October 15, 2020, the defendants filed a motion for summary judgment based variously on lack of evidence, Plaintiff's failure to exhaust his administrative remedies, and/or Defendants' qualified immunity. In an order dated August 17, 2020, the court granted Defendants' motion for summary judgment with respect to claims of deliberate indifference to the plaintiff's threats of self-harm against Adderton and Birdyshaw, use of excessive force against defendants Sanchez and Kobza, failure to intervene against Nelson, deliberate indifference to the plaintiff's conditions of confinement against Sanchez, and deliberate indifference to the plaintiff's serious medical needs against Kacyon, Engstrom, Jensen, and Theander. The court also dismissed those individuals as defendants from the case. The court

denied Defendant Pohl's motion for summary judgment on Jenkins' claims of the use of excessive force. On September 8, 2020, Jenkins moved the court to reconsider its decision.

Jenkins's motion to reconsider is largely based on the claim that defendants deliberately deleted video footage taken by Theander while Sanchez and Pohl were restraining and searching defendant. Specifically, the plaintiff alleges that the defendants committed misconduct by intentionally deleting footage of the "significant injury" sustained during Pohl's search and that the hand-held camera footage constitutes new evidence that would support his claims. Dkt. No. 79. The plaintiff also alleges that he exhausted his administrative remedies before filing suit, (*id*.) which, if true, would resurrect his claims against Adderton and Birdyshaw.

Because the dismissed excessive force claim against Sanchez was not related to his actions in restraining Jenkins prior to the strip search, the issue of the missing video footage is relevant only to the excessive force claim against Pohl. The record shows that Theander was apparently videotaping with a hand-held camera while Pohl was restraining and searching Jenkins, and the excessive force claim arises from Pohl's actions during that encounter. The court has not dismissed the claim against Pohl and the video from the hand-held camera has no apparent relevance to any other claim or defendant that was previously dismissed by the court. Any issues related to evidence that may have been captured on that video during the search may be litigated as the case proceeds; therefore, the motion for reconsideration related to that video is moot.

With respect to exhaustion, the exhibits attached to Jenkins's motion for reconsideration do not meaningfully counter the record showing that he had access to administrative remedies for his claim that Adderton and Birdyshaw were deliberately indifferent to his threats of self-harm, but that that he did not properly exhaust those remedies before filing suit. A prisoner may not file a lawsuit before exhausting his administrative remedies. *See Perez v. Wis. Dep't of Corr.*, 182

2

F.3d 532, 535 (7th Cir. 1999); *see also* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."). Because Jenkins did not exhaust the available administrative remedies for his deliberate indifference claim before he filed this lawsuit, he cannot now proceed on that claim.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reconsideration (Dkt. No. 79) is **DENIED**.

Dated at Green Bay, Wisconsin this 11th day of September, 2020.

/s/ William C. Griesbach
William C. Griesbach
United States District Judge